## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JARED CLINTON,<br><br>      Plaintiff,<br><br>vs.<br><br>RYAN GARRETT, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; BRIAN MINNEHAN, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; RYAN STEINKAMP, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; DANA WINGERT, individually and in his official capacity as Chief of Police for the Des Moines, Iowa Police Department; CITY OF DES MOINES, IOWA,<br><br>      Defendants. | Case No. CVCV060209<br><br><br><br>PETITION AT LAW and JURY DEMAND |

**COME NOW** the Plaintiff, Jared Clinton, by and through the undersigned counsel, and for his causes of action, respectfully state the following:

### PARTIES

1.    Plaintiff Jared Clinton is an African-American United States citizen and was a resident of Des Moines, Polk County, Iowa at all times relevant to the events complained of herein.

2.    Defendant Ryan Garrett is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer with the Des Moines, Iowa Police Department at all times relevant to the events complained of herein.

1

3.     Defendant Brian Minnehan is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer with the Des Moines, Iowa Police Department at all times relevant to the events complained of herein.

4.     Defendant Ryan Steinkamp is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer with the Des Moines, Iowa Police Department at all times relevant to the events complained of herein.

5.     Defendant Dana Wingert is believed to be a citizen and resident of Iowa and at all times relevant to the events complained of herein, was employed as the Chief of Police of the City of Des Moines Police Department.

6.     Defendant City of Des Moines, Iowa is a municipal corporation organized and authorized to operate under the laws of Iowa and is located at 400 East First Street, Des Moines, Polk County, Iowa.  Defendant City is responsible for maintaining and operating the Des Moines Police Department.

## JURISDICTION AND VENUE

7.     Venue is proper in the District Court for Polk County pursuant to Iowa Code §669.4(1) as the district in which Plaintiff resides and/or in which the acts and omissions complained of occurred.

8.     Subject matter jurisdiction of the District Court for Polk County is proper pursuant to Iowa Code § 602.6101.

9.     The amount in controversy exceeds the jurisdictional amount.

## GENERAL FACTUAL ALLEGATIONS

10.    All events complained of herein occurred in Polk County, Iowa.

11.    On October 3, 2019, Defendants Garrett, Steinkamp, and Minnehan were on patrol for the Des Moines Police Department in Des Moines, Iowa.

2

12.     Around 6:15pm, Defendants Garrett, Steinkamp, and Minnehan observed a gray Ford Focus driven by Plaintiff driving eastbound on University Avenue.

13.     Plaintiff is African-American and there were two passengers in his car who are also African-American.

14.     Defendants Garrett, Steinkamp, and Minnehan observed the three men in Plaintiff's vehicle and jointly agreed to follow the vehicle.

15.     Defendants Garrett, Steinkamp, and Minnehan pulled out and began following Plaintiff's vehicle.

16.     Defendants Garrett, Steinkamp, and Minnehan followed Plaintiff as he turned onto Keosauqua Way.

17.     At the time of the stop, Plaintiff's vehicle had a temporary tag displayed in the rear window in compliance with Iowa Code §321.25.

18.     It was sunny outside.

19.     The temporary tag was clearly visible during Plaintiff's operation of the vehicle.

20.     At all times material hereto, Plaintiff's vehicle had no equipment violations.

21.     Defendants Garrett, Steinkamp, and Minnehan followed Plaintiff for one full minute and then turned on the patrol vehicle's overhead lights and initiated a traffic stop.

22.     Defendants Garrett, Steinkamp, and Minnehan had not observed a traffic violation.

23.     Plaintiff pulled his vehicle over in response to Defendants Garrett, Steinkamp, and Minnehan's show of authority.

3

24.     Prior to initiating the stop of Plaintiff, Defendants Garrett, Steinkamp, and Minnehan were able to view Plaintiff's registration card.

25.     Nevertheless, Defendants Garrett, Steinkamp, and Minnehan agreed to detain Plaintiff for the purpose of questioning him about his registration card.

26.     Defendants Garrett, Steinkamp, and Minnehan approached Plaintiff's vehicle from the rear.

27.     Defendants Garrett, Steinkamp, and Minnehan observed Plaitiff's temporary tag as they approached the vehicle.

28.     The sole reason given for the stop was Defendants Garrett, Steinkamp, and Minnehan's claim they wanted to check Plaintiff's temporary tag.

29.     Defendant Garrett acknowledged the presence of the temporary tag.

30.     Plaintiff asked why he was being stopped and Defendant Garrett responded that he was "just checking… do you have the title on the car? … I'm just checking the paperwork on that. I'm just making sure that the VIN matches up, man."

31.     Plaintiff again asked why he was pulled over and Garrett explained "I was just checking up on your ID tag."

32.     Defendant Garrett continued, stating "The reason I'm pulling you over is because you have just a tag. I have a right to pull you over to make sure that everything matches up, everything is good to go, okay?"

33.     Defendants Steinkamp and Minnehan likewise told Plaintiff that he was pulled over only to verify his registration tag.

34.     Defendants Garrett, Steinkamp, and Minnehan extended the stop for over half an hour after the sole ground for the stop had been resolved.

4

35.     Defendant Garrett had Plaintiff step out of his vehicle and Defendant Garrett handcuffed Plaintiff.

36.     Defendant Garrett had the individual in the backseat of Plaintiff's vehicle step out and handcuffed him, as well.

37.     Defendant Minnehan had the individual in the passenger seat of Plaintiff's vehicle step and handcuffed him.

38.     Defendants proceeded to search Plaintiff's vehicle and located a vape pen allegedly containing a THC cartridge.

39.     The State charged Mr. Clinton with Possession of a Controlled Substance (marijuana), in violation of Iowa Code § 124.401(5).

40.     Plaintiff filed a Motion to Suppress on November 14, 2019.

41.     The State dismissed the charge against Plaintiff on November 22, 2019.

42.     Des Moines Police Department officers have a practice of illegally stopping motorists driving vehicles displaying temporary tags. This includes:

a.      Lonnie Porter, stopped by Officer Sean O'Neill on December 6, 2016;

b.      Cornelius Brown, stopped by Officer Brian Roupe on June 6, 2018;

c.      Edward Kirby, stopped by Officer Natalie Heinemann on June 14, 2018;

d.      Stop by Officer Kyle Thies on June 19, 2018;

e.      Stop by Officer Kyle Thies on June 28, 2018;

f.      Stop by Officer Kyle Thies on June 27, 2018;

g.      Stop by Officer Ryan Steinkamp on July 22, 2018;

h.      Davonte Wiggins, stopped by Ryan Steinkamp and Brian Minnehan on July 18, 2018;

      i.    Raphael Webster, stopped by Ryan Steinkamp and Brian Minnehan on July 14, 2018.

43.    Des Moines Police Department officers have previously pulled Plaintiff over without probable cause or reasonable suspicion.

## CAUSES OF ACTION

### COUNT 1
### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983
### VIOLATION OF 4th AMENDMENT TO THE UNITED STATES CONSTITUTION
### RIGHT TO BE FREE FROM UNREASONABLE SEARCHES & SEIZURES
### (Against Defendants Garrett, Steinkamp, and Minnehan, Individually)

44.    Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

45.    Defendants Garrett, Steinkamp, and Minnehan are persons for the purpose of a Section 1983 action for damages and this Count is brought against them in their individual capacities.

46.    At all times material hereto, Defendants' actions and omissions were made under the color of authority and law as law enforcement officers for the Des Moines, Iowa Police Department.

47.    Defendants violated Plaintiff's clearly established federal constitutional rights by effectuating a warrantless automobile stop without apparent probable cause or reasonable suspicion to do so; extending the stop beyond what was reasonably necessary to resolve the basis of the stop; and searching Plaintiff and his vehicle without reasonable suspicion or probable cause to do so.

48.    It was well established at the time of the stop that law enforcement cannot stop a vehicle merely because it cannot read the letters or numbers on the card from its patrol car. *United States v. McLemore*, 887 F.3d 861 (8th Cir. 2018); *State v. Hollie*, 837

6

N.W.2d 680, 2013 WL 3291861 (Iowa Ct. App. June 26, 2013); *State v. Carmody*, 841 N.W.2d 356, 2013 WL 5949621 (Iowa Ct. App. Nov. 6, 2013). Law enforcement was on notice that the stop was unconstitutional.

49.     Defendants demonstrated a deliberate indifference to and reckless disregard of Plaintiff's civil and constitutional rights.

50.     Defendants' actions were willful, wanton, unlawful, and in gross disregard of Mr. Clinton's civil rights, justifying an award of punitive damages.

51.     As a direct and proximate result of the Defendants' illegal and unjustified conduct, Plaintiff was injured and is entitled to recover for what he has suffered in the past and will suffer in the future suffer, including:

   a. Deprivation of his constitutional rights;

   b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

   c. Actual and Compensatory Damages;

   d. Punitive damages;

   e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

   f. Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

   a. Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount yet to be determined;

   b. Compensation for violation of his constitutional rights, mental anguish, and humiliation;

   c. Plaintiff's cost in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

7

d.  Punitive damages; and

e.  Any other relief the Court deems just and equitable.

## COUNT 2
## CIVIL RIGHTS VIOLATION OF ARTICLE I, § 8 OF THE IOWA CONSTITUTION
## RIGHT TO BE FREE FROM UNREASONABLE SEARCHES & SEIZURES
## (Against Defendants Garrett, Steinkamp, and Minnehan, Individually)

52.    Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

53.    This Count is alleged against Defendants in their individual capacities.

54.    At all times material hereto, Defendants' actions and omissions were made under the color of authority and law as law enforcement officers for the Des Moines, Iowa Police Department.

55.    Defendants violated Plaintiff's clearly established state constitutional rights by effectuating a warrantless automobile stop without apparent probable cause or reasonable suspicion to do so; extending the stop beyond what was reasonably necessary to resolve the basis of the stop; and searching Plaintiff and his vehicle without reasonable suspicion or probable cause to do so.

56.    It was well established at the time of the stop that law enforcement cannot stop a vehicle merely because it cannot read the letters or numbers on the card from its patrol car. *United States v. McLemore*, 887 F.3d 861 (8th Cir. 2018); *State v. Hollie*, 837 N.W.2d 680, 2013 WL 3291861 (Iowa Ct. App. June 26, 2013); *State v. Carmody*, 841 N.W.2d 356, 2013 WL 5949621 (Iowa Ct. App. Nov. 6, 2013). Law enforcement was on notice that the stop was unconstitutional.

57.    Defendants demonstrated a deliberate indifference to and reckless disregard of Plaintiff's civil and constitutional rights.

8

58.     Defendants' actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

59.     Plaintiff hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants' violation of his constitutional right was oppressive, conniving, harsh, cruel, and/or tyrannical.

60.     As a direct and proximate result of the Defendants' illegal and unjustified conduct, Plaintiff was injured and is entitled to recover for what he has suffered in the past and will suffer in the future suffer, including:

    a.  Deprivation of his constitutional rights;

    b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c.  Actual and Compensatory Damages;

    d.  Punitive damages;

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

    a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount yet to be determined;

    b.  Compensation for violation of his constitutional rights, mental anguish, and humiliation;

    c.  Plaintiff's cost in this action, including reasonable attorney's fees and costs;

    d.  Punitive damages; and

    e.  Any other relief the Court deems just and equitable.

9

## COUNT 3
## CONSPIRACY
## CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C §§ 1983 and 1985
## VIOLATION OF 4th, 5th & 14th AMENDMENTS TO
## THE UNITED STATES CONSTITUTION
## (Against Defendants Garrett, Steinkamp, and Minnehan, Individually)

61.     Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

62.     Defendants Garrett, Steinkamp, and Minnehan are persons for the purpose of a Section 1983 action for damages and this Count is brought against them in their individual capacities.

63.     At all times material hereto, Defendants' actions and omissions were made under the color of authority and law as law enforcement officers for the Des Moines, Iowa Police Department.

64.     Defendants Garrett, Steinkamp, and Minnehan reached an agreement among themselves to deprive Plaintiff of his constitutional rights.

65.     In furtherance of the conspiracy, each of the coconspirators committed overt acts and was an otherwise willful participant in joint activity.

66.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

67.     As a direct and proximate result of the Defendants' illegal and unjustified conduct, Plaintiff was injured and is entitled to recover for what he has suffered in the past and will suffer in the future suffer, including:

    a.  Deprivation of his constitutional rights;

    b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c.  Actual and Compensatory Damages;

    d.  Punitive damages;

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

    f.  Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount yet to be determined;

    g.  Compensation for violation of his constitutional rights, mental anguish, and humiliation;

    h.  Plaintiff's cost in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

    i.  Punitive damages; and

    j.  Any other relief the Court deems just and equitable.

**COUNT 4**
**CONSPIRACY**
**CIVIL RIGHTS VIOLATION OF ARTICLE I, §§ 6 & 8 OF THE IOWA CONSTITUTION**
**(Against Defendants Garrett, Steinkamp, and Minnehan, Individually)**

68.  Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

69.  This Count is alleged against Defendants in their individual capacities.

70.  At all times material hereto, Defendants' actions and omissions were made under the color of authority and law as law enforcement officers for the Des Moines, Iowa Police Department.

71.  Defendants Garrett, Steinkamp, and Minnehan reached an agreement among themselves to deprive Plaintiff of his constitutional rights.

11

72. In furtherance of the conspiracy, each of the coconspirators committed overt acts and was an otherwise willful participant in joint activity.

73. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

74. Plaintiff hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants' violation of his constitutional right was oppressive, conniving, harsh, cruel, and/or tyrannical.

75. As a direct and proximate result of the Defendants' illegal and unjustified conduct, Plaintiff was injured and is entitled to recover for what he has suffered in the past and will suffer in the future suffer, including:

a. Deprivation of his constitutional rights;

b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

c. Actual and Compensatory Damages;

d. Punitive damages;

e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

f. Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

f. Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount yet to be determined;

g. Compensation for violation of his constitutional rights, mental anguish, and humiliation;

h. Plaintiff's cost in this action, including reasonable attorney's fees and costs;

12

    i.   Punitive damages; and

    j.   Any other relief the Court deems just and equitable.

**COUNT 5**
**DELIBERATELY INDIFFERENT POLICIES, PRACTICES,**
**CUSTOMS, TRAINING AND SUPERVISION**
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983**
**VIOLATION OF 4th, 5th & 14th AMENDMENTS TO**
**THE UNITED STATES CONSTITUTION**
**(Against Defendants Wingert, Individually, and City of Des Moines, Iowa)**

76.    Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

77.    Defendants Wingert and City of Des Moines, Iowa are persons for the purposes of a Section 1983 action for damages.

78.    At all times material hereto, Defendant Wingert's actions and/or omissions were made under the color of authority as the Chief of Police and this Count is made against him in his individual capacity.

79.    Defendants Wingert and City of Des Moines, Iowa are responsible for establishing, maintaining, and enforcing the official policies, procedures, patterns, practices, and/or customs of the Des Moines Police Department for traffic stops, detention of citizens, handcuffing, interrogations, vehicle searches, citizen searches, documentation of citizen/police interactions, and racially-neutral enforcement.

80.    Defendant City of Des Moines, Iowa is charged with the duty to ensure that its law enforcement officers are properly trained and supervised.

81.    As Chief of Police, Defendant Wingert is ultimately responsible for the training and supervision of his deputies.

82.    Defendants violated Plaintiff's federal constitutional rights by:

13

a. permitting City of Des Moines police officers to violate the constitutional rights of citizens;

b. ratifying and approving the unlawful stopping, seizure, detaining and searching of citizens;

c. failing to enforce policies and implement policies preventing the unlawful stopping, seizure, detaining and searching of citizens;

d. tolerating, encouraging, and permitting collusive statements by involved officers in such situations;

e. failing to adopt and enforce policies to document citizen interactions that do not result in arrest or citation;

f. failing to adopt a system to identify, track, and monitor problematic police behavior and patterns of unconstitutional conduct;

g. failing to take adequate disciplinary measures against City of Des Moines police officers who violate the civil rights of citizens;

h. failing to train and/or supervise properly Defendants Garrett, Steinkamp, and Minnehan in the constitutional requirements for the stopping, seizing, detaining, and searching of citizens;

i. failing to implement adequate maintenance training and properly focused maintenance training.

63. Defendants policies, procedures, customs, and/or practices caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

83. The need for the aforementioned training and supervision was obvious and it was foreseeable that the inadequacy of Defendants' training and supervision was likely to result in the violation of constitutional rights.

84. Defendants demonstrated a deliberate indifference to and/or reckless disregard of Plaintiff's constitutional rights and those similarly situated to them.

85.     Defendants failure to train and supervise Defendants Garrett, Steinkamp, and Minnehan caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives

86.     As a direct and proximate result of the Defendants' illegal and unjustified conduct, Plaintiff was injured and is entitled to recover for what he has suffered in the past and will suffer in the future suffer, including:

   a.  Deprivation of his constitutional rights;

   b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

   c.  Actual and Compensatory Damages;

   d.  Punitive damages;

   e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

   f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

   k.  Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount yet to be determined;

   l.  Compensation for violation of his constitutional rights, mental anguish, and humiliation;

   m.  Plaintiff's cost in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

   n.  Punitive damages; and

   o.  Any other relief the Court deems just and equitable.

## COUNT 6
## DELIBERATELY INDIFFERENT POLICIES, PRACTICES,
## CUSTOMS, TRAINING AND SUPERVISION
## CIVIL RIGHTS VIOLATION PURSUANT TO
## ARTICLE I, §§ 6 & 8 OF THE IOWA CONSTITUTION
### (Against Defendants Wingert, Individually, and City of Des Moines, Iowa)

87.    Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

88.    At all times material hereto, Defendant Wingert's actions and/or omissions were made under the color of authority as the Chief of Police and this Count is made against him in his individual capacity.

89.    Defendants Wingert and City of Des Moines, Iowa are responsible for establishing, maintaining, and enforcing the official policies, procedures, patterns, practices, and/or customs of the Des Moines Police Department for traffic stops, detention of citizens, handcuffing, interrogations, vehicle searches, citizen searches, documentation of citizen/police interactions, and racially-neutral enforcement.

90.    Defendant City of Des Moines, Iowa is charged with the duty to ensure that its law enforcement officers are properly trained and supervised.

91.    As Chief of Police, Defendant Wingert is ultimately responsible for the training and supervision of his deputies.

92.    Defendants violated Plaintiff's state constitutional rights by:

   a. permitting City of Des Moines police officers to violate the constitutional rights of citizens;

   b. ratifying and approving the unlawful stopping, seizure, detaining and searching of citizens;

   c. failing to enforce policies and implement policies preventing the unlawful stopping, seizure, detaining and searching of citizens;

16

    d. tolerating, encouraging, and permitting collusive statements by involved officers in such situations;

    e. failing to adopt and enforce policies to document citizen interactions that do not result in arrest or citation;

    f. failing to adopt a system to identify, track, and monitor problematic police behavior and patterns of unconstitutional conduct;

    g. failing to take adequate disciplinary measures against City of Des Moines police officers who violate the civil rights of citizens;

    h. failing to train and/or supervise properly Defendants Garrett, Steinkamp, and Minnehan in the constitutional requirements for the stopping, seizing, detaining, and searching of citizens;

    i. failing to implement adequate maintenance training and properly focused maintenance training.

63. Defendants policies, procedures, customs, and/or practices caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

93. The need for the aforementioned training and supervision was obvious and it was foreseeable that the inadequacy of Defendants' training and supervision was likely to result in the violation of constitutional rights.

94. Defendants demonstrated a deliberate indifference to and/or reckless disregard of Plaintiff's constitutional rights and those similarly situated to them.

95. Defendants failure to train and supervise Defendants Garrett, Steinkamp, and Minnehan caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

96.    Plaintiff hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants' violation of their constitutional right was oppressive, conniving, harsh, cruel, and/or tyrannical.

97.    As a direct and proximate result of the Defendants' illegal and unjustified conduct, Plaintiff was injured and is entitled to recover for what he has suffered in the past and will suffer in the future suffer, including:

    a.  Deprivation of his constitutional rights;

    b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c.  Actual and Compensatory Damages;

    d.  Punitive damages;

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

    k.  Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount yet to be determined;

    l.  Compensation for violation of his constitutional rights, mental anguish, and humiliation;

    m.  Plaintiff's cost in this action, including reasonable attorney's fees and costs;

    n.  Punitive damages; and

    o.  Any other relief the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter on all counts to which Plaintiff

are entitled to a jury.

**PARRISH KRUIDENIER DUNN BOLES GRIBBLE
GENTRY BROWN & BERGMANN, L.L.P.**

By: */s/ Gina Messamer*

Gina Messamer      AT0011823
2910 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 284-5737
Facsimile: (515) 284-1704
Email: gmessamer@parrishlaw.com
**ATTORNEY FOR PLAINTIFF**

**Original Filed.**

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JARED CLINTON,<br><br>      Plaintiff,<br><br>vs.<br><br>RYAN GARRETT, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; BRIAN MINNEHAN, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; RYAN STEINKAMP, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; DANA WINGERT, individually and in his official capacity as Chief of Police for the Des Moines, Iowa Police Department; CITY OF DES MOINES, IOWA,<br><br>      Defendants. | Case No. CVCV060209<br><br><br><br><br><br>ORIGINAL NOTICE |

**TO THE ABOVE-NAMED DEFENDANT:**    **RYAN GARRETT**

You are notified that a Petition at Law and Jury Demand has been filed in the office of the Clerk of Court in the above-captioned action. A copy of the Petition (and any documents filed with it) is attached to this Original Notice. Plaintiff's attorney is **Gina Messamer of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann, L.L.P. whose address is 2910 Grand Avenue, Des Moines, Iowa 50312; (515) 284-5737, facsimile (515) 284-1704.**

This Petition was filed on the 18th day of May, 2020.

**THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING. FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM. FOR COURT RULES ON THE PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16.**

You are further notified that unless, within twenty (20) days after service of this Original Notice upon you and, within a reasonable time thereafter, file your motion or answer by using the Iowa Judicial Branch Electronic Filing Interface at https://www.iowacourts.state.ia.us/EFile, judgment will be entered against you upon Respondent's claim together with interest and court costs.

NOTE: The attorney who is expected to represent the Defendant should be promptly advised by Defendant of the service of this Notice.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 421-0990. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

# STATE OF IOWA JUDICIARY

*Case No.* CVCV060209

*County* Polk

*Case Title* JARED CLINTON VS RYAN GARRETT ET AL

THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:** http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394**   . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued* **05/20/2020 03:40:10 PM**



*District Clerk of* Polk          *County*

/s/ Christy Wagner

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| **JARED CLINTON,** | **Case No. CVCV060209** |
| **Plaintiff,** | |
| **vs.** | |
| **RYAN GARRETT, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; BRIAN MINNEHAN, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; RYAN STEINKAMP, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; DANA WINGERT, individually and in his official capacity as Chief of Police for the Des Moines, Iowa Police Department; CITY OF DES MOINES, IOWA,** | **ORIGINAL NOTICE** |
| **Defendants.** | |

**TO THE ABOVE-NAMED DEFENDANT:      DANA WINGERT**

You are notified that a Petition at Law and Jury Demand has been filed in the office of the Clerk of Court in the above-captioned action. A copy of the Petition (and any documents filed with it) is attached to this Original Notice. Plaintiff's attorney is **Gina Messamer of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann, L.L.P.** whose address is 2910 Grand Avenue, Des Moines, Iowa 50312; (515) 284-5737, facsimile (515) 284-1704.

This Petition was filed on the 18th day of May, 2020.

THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING. FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM. FOR COURT RULES ON THE PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16.

You are further notified that unless, within twenty (20) days after service of this Original Notice upon you and, within a reasonable time thereafter, file your motion or answer by using the Iowa Judicial Branch Electronic Filing Interface at https://www.iowacourts.state.ia.us/EFile, judgment will be entered against you upon Respondent's claim together with interest and court costs.

NOTE:  The attorney who is expected to represent the Defendant should be promptly advised by Defendant of the service of this Notice.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 421-0990.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.

# STATE OF IOWA JUDICIARY

*Case No.* CVCV060209

*County* Polk

*Case Title* JARED CLINTON VS RYAN GARRETT ET AL

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942.**)

*Date Issued* **05/20/2020 03:40:10 PM**



*District Clerk of* Polk          *County*

/s/ Christy Wagner

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JARED CLINTON,<br><br>      Plaintiff,<br><br>vs.<br><br>RYAN GARRETT, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; BRIAN MINNEHAN, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; RYAN STEINKAMP, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; DANA WINGERT, individually and in his official capacity as Chief of Police for the Des Moines, Iowa Police Department; CITY OF DES MOINES, IOWA,<br><br>      Defendants. | Case No. CVCV060209<br><br><br><br><br>ORIGINAL NOTICE |

**TO THE ABOVE-NAMED DEFENDANT:**     **RYAN STEINKAMP**

You are notified that a Petition at Law and Jury Demand has been filed in the office of the Clerk of Court in the above-captioned action. A copy of the Petition (and any documents filed with it) is attached to this Original Notice. Plaintiff's attorney is **Gina Messamer of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann, L.L.P.** whose address is 2910 Grand Avenue, Des Moines, Iowa 50312; (515) 284-5737, facsimile (515) 284-1704.

This Petition was filed on the 18th day of May, 2020.

**THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING. FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM. FOR COURT RULES ON THE PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16.**

You are further notified that unless, within twenty (20) days after service of this Original Notice upon you and, within a reasonable time thereafter, file your motion or answer by using the Iowa Judicial Branch Electronic Filing Interface at https://www.iowacourts.state.ia.us/EFile, judgment will be entered against you upon Respondent's claim together with interest and court costs.

NOTE:  The attorney who is expected to represent the Defendant should be promptly advised by Defendant of the service of this Notice.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 421-0990.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.

# STATE OF IOWA JUDICIARY

*Case No.* CVCV060209

*County* Polk

*Case Title* JARED CLINTON VS RYAN GARRETT ET AL

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued* 05/20/2020 03:40:10 PM



*District Clerk of* Polk          *County*

/s/ Christy Wagner

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| **JARED CLINTON,** | **Case No. CVCV060209** |
| **Plaintiff,** | |
| **vs.** | |
| **RYAN GARRETT, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; BRIAN MINNEHAN, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; RYAN STEINKAMP, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; DANA WINGERT, individually and in his official capacity as Chief of Police for the Des Moines, Iowa Police Department; CITY OF DES MOINES, IOWA,** | **ORIGINAL NOTICE** |
| **Defendants.** | |

**TO THE ABOVE-NAMED DEFENDANT:      CITY OF DES MOINES, IOWA**

You are notified that a Petition at Law and Jury Demand has been filed in the office of the Clerk of Court in the above-captioned action. A copy of the Petition (and any documents filed with it) is attached to this Original Notice. Plaintiff's attorney is **Gina Messamer of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann, L.L.P.** whose address is **2910 Grand Avenue, Des Moines, Iowa 50312; (515) 284-5737, facsimile (515) 284-1704.**

This Petition was filed on the 18th day of May, 2020.

**THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING. FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM. FOR COURT RULES ON THE PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16.**

You are further notified that unless, within twenty (20) days after service of this Original Notice upon you and, within a reasonable time thereafter, file your motion or answer by using the Iowa Judicial Branch Electronic Filing Interface at https://www.iowacourts.state.ia.us/EFile, judgment will be entered against you upon Respondent's claim together with interest and court costs.

NOTE: The attorney who is expected to represent the Defendant should be promptly advised by Defendant of the service of this Notice.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 421-0990. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.

# STATE OF IOWA JUDICIARY

*Case No.* CVCV060209

*County* Polk

*Case Title* JARED CLINTON VS RYAN GARRETT ET AL

    **THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394**  . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued* 05/20/2020 03:40:10 PM



*District Clerk of* Polk        *County*
/s/ Christy Wagner

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| **JARED CLINTON,** | **Case No. CVCV060209** |
| **Plaintiff,** | |
| **vs.** | |
| **RYAN GARRETT, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; BRIAN MINNEHAN, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; RYAN STEINKAMP, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; DANA WINGERT, individually and in his official capacity as Chief of Police for the Des Moines, Iowa Police Department; CITY OF DES MOINES, IOWA,** | **ORIGINAL NOTICE** |
| **Defendants.** | |

**TO THE ABOVE-NAMED DEFENDANT:**  **BRIAN MINNEHAN**

You are notified that a Petition at Law and Jury Demand has been filed in the office of the Clerk of Court in the above-captioned action. A copy of the Petition (and any documents filed with it) is attached to this Original Notice. Plaintiff's attorney is **Gina Messamer of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann, L.L.P.** whose address is 2910 Grand Avenue, Des Moines, Iowa 50312; (515) 284-5737, facsimile (515) 284-1704.

This Petition was filed on the 18th day of May, 2020.

**THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING. FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM. FOR COURT RULES ON THE PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16.**

You are further notified that unless, within twenty (20) days after service of this Original Notice upon you and, within a reasonable time thereafter, file your motion or answer by using the Iowa Judicial Branch Electronic Filing Interface at https://www.iowacourts.state.ia.us/EFile, judgment will be entered against you upon Respondent's claim together with interest and court costs.


NOTE:  The attorney who is expected to represent the Defendant should be promptly advised by Defendant of the service of this Notice.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 421-0990.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

# STATE OF IOWA JUDICIARY

*Case No.* CVCV060209

*County* Polk

*Case Title* JARED CLINTON VS RYAN GARRETT ET AL

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942.**)

*Date Issued* 05/20/2020 03:40:10 PM



*District Clerk of* Polk          *County*

/s/ Christy Wagner